Filed 4/13/22  P. v. Rocha CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MARIA ISABEL ROCHA,<br><br>        Defendant and Appellant. | G060518<br><br>(Super. Ct. No. 11CF0494)<br><br>O P I N I O N |

        Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Reversed and remanded.

        Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Daniel Rogers, Acting Assistant Attorney General, A. Natasha Cortina and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

                        *                *                *

Defendant Maria Isabel Rocha appeals from an order denying her petition for resentencing under Penal Code section 1170.95.[1] The trial court denied the petition because, through a guilty plea, appellant was convicted of voluntary manslaughter, not the initially charged crime of murder. At the time of the denial, the law overwhelmingly supported the trial court's conclusion. However, during the pendency of this appeal, the Legislature passed Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which makes clear that persons who plead guilty to manslaughter may be eligible for resentencing. As a result of the legislative change which recently took effect, the Attorney General concedes, and we agree, the order must be reversed and the matter remanded to the trial court for further proceedings consistent with amended section 1170.95.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189 and adding section 1170.95, such that persons convicted of felony murder or murder under a natural and probable consequences theory could seek resentencing or to have the conviction vacated. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).)

---

[1] All further statutory references are to the Penal Code.

In the couple of years after Senate Bill 1437's enactment, appellate courts were virtually unanimous in concluding the resentencing relief afforded by the legislation was limited to murder convictions and did not extend to persons convicted of attempted murder or any type of manslaughter. (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436; *People v. Paige* (2020) 51 Cal.App.5th 194, 201-204.) Defendant filed her petition for resentencing during this time, leading the trial court to reject it as facially ineligible for resentencing.

The legislative landscape changed on January 1, 2022. Effective as of that date, Senate Bill 775 amended section 1170.95 to expand resentencing eligibility to persons convicted of manslaughter, among others.

Because defendant's appeal from the denial of her resentencing petition was pending when the Senate Bill 775 amendment took effect, she is entitled to receive the benefit of the amendment. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309; *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) The parties agree the matter must be remanded to the trial court to provide defendant a chance to present her position and provide the trial court an opportunity to consider whether she has made a prima facie showing of eligibility for relief under section 1170.95, as amended by Senate Bill 775. We express no opinion on how the petition should ultimately be resolved.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed, and the case is remanded for further proceedings consistent with section 1170.95, as amended by Senate Bill 775.



MARKS, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.